

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BOARD OF SUPERVISORS OF THE LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, BOARD OF REGENTS OF THE UNIVERSITY OF OKLAHOMA, OHIO STATE UNIVERSITY, UNIVERSITY OF SOUTHERN CALIFORNIA, PASADENA TOURNAMENT OF ROSES, and THE COLLEGIATE LICENSING COMPANY, | * * * * * * * * * * | CIVIL ACTION<br><br>No. 04-1593<br><br>SECTION "S"<br><br>MAGISTRATE DIVISION 2 |
| Plaintiffs, | * | JURY TRIAL REQUESTED |
| v. | * | |
| SMACK APPAREL COMPANY and WAYNE CURTISS, | * * * | |
| Defendants. | * | |

## ANSWER OF DEFENDANTS SMACK APPAREL COMPANY AND WAYNE CURTISS

The Defendants, Smack Apparel and Wayne Curtiss, for their Answer to the First Amended and Supplemental Complaint filed herein, allege and state as follows:

1. Paragraph Number One of the First Amended and Supplemental Complaint contains no factual allegations, and requires no response.

2. Defendants admit that Smack Apparel Company ("Smack") is a clothing manufacturer. Defendants admit that Smack sells to retailers. Defendants admit that

___ Fee____
___ Process____
_X_ Dktd____
___ CtRmDep____
___ Doc. No____

Smack operates a website under the domain name www.smackapparel.com. Defendants admit that Wayne Curtiss ("Curtiss") is Smack's principal, and that Curtiss is intimately involved in the business operations of Smack, but deny that Curtiss was intimately involved in the conduct described in the First Amended and Supplemental Complaint. Defendants deny the remaining allegations contained in Paragraph Number Two of the First Amended and Supplemental Complaint.

3. Admitted as to Defendant Smack; denied as to Defendant Curtiss.

4. Defendant Smack Apparel admit that some of the merchandise described in the First Amended and Supplemental Complaint has been sold in the State of Louisiana, but deny that all of the merchandise described in the First Amended and Supplemental Complaint has been sold in the State of Louisiana. Defendant Wayne Curtiss denies this allegation.

5. Defendants deny that a substantial part of the events giving rise to Plaintiffs' claims occurred in this District. Defendants admit that some of the merchandise described in Plaintiffs' First Amended and Supplemental Complaint was sold in New Orleans, Louisiana in January, 2004.

6. Defendants admit LSU is based in Baton Rouge. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in Paragraph Number Six of the Plaintiffs' First Amended and Supplemental Complaint and therefore denying same.

7. Defendants admit Oklahoma University is based in Norman, Oklahoma. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in Paragraph Number Seven of the Plaintiffs' First Amended and Supplemental Complaint and therefore deny same.

8. Defendants admit that Ohio State is based in Columbus, Ohio. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in Paragraph Number Eight of the Plaintiffs' First Amended and Supplemental Complaint and therefore deny same.

9. Defendants admit that USC is based in Los Angeles, California. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in Paragraph Number Nine of the Plaintiffs' First Amended and Supplemental Complaint and therefore deny same.

10. Defendants admit that Plaintiff Tournament of Roses is based in Pasadena. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in Paragraph Number Ten of the Plaintiffs' First Amended and Supplemental Complaint and therefore deny same.

11. Defendants admit that Plaintiff CLC is based in Atlanta, Georgia. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in Paragraph Number Eleven of the Plaintiffs' First Amended and Supplemental Complaint and therefore deny same.

12. Defendants admit the factual allegations contained in Paragraph Number Twelve of the Plaintiffs' First Amended and Supplemental Complaint.

13. Defendants admit the factual allegations contained in the first sentence of Paragraph Number Thirteen of the Plaintiffs' First Amended and Supplemental Complaint. Defendants deny that Smack Apparel engaged in all of the acts described in the Plaintiffs' First Amended and Supplemental Complaint, and thus, deny that Curtiss directed, controlled, participated in, engaged in, performed, authorized, approved, ratified, actively and knowingly caused, and was the moving, active, conscious force behind those acts.

14. Defendants admit the factual allegations contained in Paragraph Number Fourteen of the Plaintiffs' First Amended and Supplemental Complaint.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph Number Fifteen of the Plaintiffs' First Amended and Supplemental Complaint; therefore denied.

16. Defendants deny the allegations of Paragraph Number 16 and demand strict proof thereof.

17. Admitted.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph Number Eighteen of the Plaintiffs' First Amended and Supplemental Complaint; therefore denied.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph Number Nineteen of the Plaintiffs' First Amended and Supplemental Complaint; therefore denied.

20. Defendants deny the allegations of Paragraph Twenty and demand strict proof thereof.

21. Defendants deny the allegations of Paragraph Twenty One and demand strict proof thereof.

22. Admitted.

23. Admitted.

24. Without knowledge; therefore denied.

25. Defendants deny the allegations of Paragraph Twenty Five and demand strict proof thereof.

26. Denied.

27. Defendants admit the factual allegations contained in Paragraph Number Twenty Seven of the Plaintiff's First Amended and Supplemental Complaint.

28. Without knowledge; therefore denied.

29. Defendants deny the allegations of Paragraph Twenty Nine and demand strict proof thereof.

30. Defendants admit the factual allegations in the first sentence of Paragraph Thirty of the Plaintiffs' First Amended and Supplemental Complaint, but are without knowledge or information sufficient to form a belief as to the truth of the factual allegations

contained in the second sentence of Paragraph Number Thirty of the Plaintiffs' First Amended and Supplemental Complaint and therefore deny same.

31. Without knowledge; therefore denied.

32. Without knowledge; therefore denied.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph Number Thirty Three of the Plaintiffs' First Amended and Supplemental Complaint.

34. Without knowledge as to the first sentence; therefore denied. Defendants deny the factual allegations contained in the second sentence of Paragraph Number Thirty Four of the Plaintiffs' First Amended and Supplemental Complaint.

35. Denied.

36. Defendants admit that they have sold and offered the sale t-shirts bearing the image depicted in Paragraph Thirty Six of the Plaintiffs' First Amended and Supplemental Complaint. Defendants admit that the words in quotation marks are used; remainder denied.

37. Defendants admit that they have sold and offered the sale t-shirts bearing the image depicted in Paragraph Thirty Seven of the Plaintiffs' First Amended and Supplemental Complaint. Defendants admit that the words in quotation marks are used; remainder denied.

38. Defendants admit that they have sold and offered the sale t-shirts bearing the image depicted in Paragraph Thirty Eight of the Plaintiffs' First Amended and Supplemental

Complaint. Defendants admit that the words in quotation marks are used; remainder denied.

39. Defendants admit that they have sold and offered the sale t-shirts bearing the image depicted in Paragraph Thirty Nine of the Plaintiffs' First Amended and Supplemental Complaint. Defendants admit that the words in quotation marks are used; remainder denied.

40. Admit t-shirts are at issue; but not infringing; remainder denied.

41. Admitted.

42. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph Number Forty Two of the Plaintiffs' First Amended and Supplemental Complaint.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Defendants incorporates its prior responses.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Defendants incorporate its prior responses.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Defendants incorporate its prior responses.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Defendants incorporate its prior responses.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Defendants incorporate its prior responses.

72. Denied.

73. Denied.

74. Denied.

## FIRST DEFENSE

Defendant Wayne Curtiss has not committed any acts within the district that would render him amenable to suit consistent with state long-arm principles and lacks sufficient minimum contacts with the forum so as to render him amenable to jurisdiction consistent with Due Process limitations and protections under the Fifth and Fourteenth Amendment.

## SECOND DEFENSE

The Plaintiff has failed to provide the Defendants with prior statutory notice of their ownership or interest in a registration under 15 U.S.C. §1111, incorporated by reference into §1117, thereby precluding any claim for damages

## THIRD DEFENSE

Any incidental use of the Plaintiffs' marks by Defendants was part of a communicative message and not as source identifier, and constitutes speech protected by the First Amendment of the United States Constitution.

## FOURTH DEFENSE

Any use of the Plaintiffs' marks by Defendants was in good faith and only for the purpose of describing the Defendants' product, as a commentary on Plaintiffs' activities, or in a humorous, ironic, parodic and/or satoric manner, and such use constitutes a fair use of the marks.

### FIFTH DEFENSE

Any use of the Plaintiffs' marks by Defendants was for a nominative fair use of the marks because the product or service in question is not readily identifiable without such use; only so much of a Plaintiff's mark or marks was used as was reasonably necessary to complete the commentary, humorous remark or criticism and there is no suggested sponsorship or endorsement by the trademark holder.

### SIXTH DEFENSE

In the alternative, any use of the Plaintiffs' marks by Defendants constitutes a non-commercial use of the marks that is exempted from liability under 15 U.S.C. § 1125(c)(4)(B).

### SEVENTH DEFENSE

The design features, which Defendants have incorporated in their products and which Plaintiffs claim as trademarks are functional and cannot serve as trademarks because such would impinge upon the right of the Defendants to compete effectively in the marketplace by impermissibly limiting the range of adequate alternative designs. The use of school colors serves a functional purposes in that it serves as non-verbal expressive conduct, identify the wearer's orientation or point of view, allows one to demonstrate loyalty, and facilitates the constitutional right of association between persons in a public forum.

## EIGHTH DEFENSE

Plaintiffs' money damage claims are barred by the prescriptive period under Article 3492 of the Louisiana Civil Code.

## NINTH DEFENSE

The claims of the Plaintiffs are barred under the doctrines of laches and estopped. Representatives from LSU have known of Defendants use of a two color purple and gold or yellow scheme more than one year prior to commencement of this action. Representatives of Oklahoma have known of Defendant Smack Apparel's use of a two color red and white scheme for more than one year prior to commencement of this action. Representatives from Ohio State have known of Defendant Smack Apparel's use of a red and grey color scheme for more than one year prior to commencement of this action. USC and the Pasadena Tournament of Roses have known of Defendants use of red and gold color scheme for more than one year prior to commencement of this action.

## TENTH DEFENSE

The Plaintiffs are guilty of unclean hands and inequitable conduct, including disruption of legitimate sales efforts by Smack Apparel or vendors offering Smack Apparel products both within the forum and in other jurisdictions, and as such, are precluded from seeking equitable relief from the Defendants.

## ELEVENTH DEFENSE

The law of the state of Louisiana cannot be given extraterritorial effect to conduct of the Defendants that has occurred outside the forum state, and the application of state

law to such extraterritorial conduct violates the 10th Amendment, Due Process and Equal Protection Clauses of the U.S. Constitution and the limitations imposed by the U.S. Supreme Court in *BMW v. Gore* and its progeny.

## TWELFTH DEFENSE

Non-resident institutions cannot avail themselves of the benefit of the Louisiana Deceptive Trade Practices Act.

## THIRTEENTH DEFENSE

Other than Plaintiff LSU, none of the Plaintiff are an institutions licensed, approved, or funded by the State of Louisiana within the meaning of La. Rev. Stat. § 51.211(I), and thus have no cause of action under §51:224.

## FOURTEENTH DEFENSE

One or more of the Plaintiffs has by word or conduct acquiesced in or approved the use of claimed marks, including color, by Smack Apparel within this district or such other districts within which infringement, dilution or other wrongful conduct is claimed and have by such action or inaction reasonably induced within the Defendants a well-founded belief that their use of the claimed color schemes or other asserted trademarks is lawful. Defendants have to their substantial detriment reasonably relied upon Plaintiffs acquiescence by developing additional products, continuing and expanding sales of allegedly infringing or diluting products, by advertising, or by creating products similar to those at issue. As a result the Plaintiffs' are estopped from maintaining any federal or state claims based upon conduct known to Plaintiffs about which they did not complain or in fact,

affirmatively acknowledged as legitimate and not unfair competition. This conduct includes the actual purchase and sale of Smack Apparel product by LSU in 2001, 2002 and 2003 in LSU owned or controlled retail outlets. This conduct includes words or statements by a CLC officer, Michael Drucker, Esquire, who upon information and belief is engaged in specific conduct giving rise to estoppel. Mr. Drucker was made aware of sales of Smack Apparel t-shirts by Norman, Oklahoma area retailers who offered t-shirts in red and white colors schemes about which the University of Oklahoma now complains. Upon information and belief, when notified of sales of Smack Apparel t-shirts in Oklahoma, Mr. Drucker caused such retailers to be informed that such sale were not in violation of any trademark rights.

## FIFTEENTH AFFIRMATIVE DEFENSE

The injunctive relief sought is unconstitutional, vague and any requested relief and orders granting same would fail to provide the Defendant with sufficient standards of clarity and definiteness under the Due Process and Equal Protection Clauses.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any injunctive limitation upon expressive conduct as displayed in the t-shirts manufactured by Smack Apparel would violate the First Amendment. Any order or judgment barring the use of certain school colors in apparel is an unconstitutional abridgment of the rights of association of Smack Apparel and its customers under the First Amendment.

## SEVENTEENTH DEFENSE

Defendants acted non-wilfully, in good faith, and without an intent to injure any Plaintiffs or mislead the public.

Respectfully submitted,

/s/ Richard B. Foster

Richard B. Foster, Esquire
Karen Waters Shipman, Esquire
Lemle & Kelleher, LLP
21st Floor, Pan-American Life Center
601 Poydras Street
New Orleans, Louisiana 70130
Attorneys for Defendants,
Smack Apparel Company and
Wayne Curtiss

Herbert L. Allen
Florida Bar No. 114126
David W. Henry
Florida Bar No. 0765082
Allen, Dyer, Doppelt, Milbrath &
  Gilchrist, P.A.
255 S. Orange Avenue, Suite 1401
Orlando, Florida 32801
Telephone: 407/841-2330
Facsimile 407/841-2343
E-Mail: hallen@addmg.com

James W. Tilly, Esquire
The Tilly Law Firm
Two West Second Street, Suite 2200
P.O. Box 3645
Tulsa, OK 74101-3645

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above was served via First Class Mail on this 25th day of February, 2005 to:

Stephen P. Doody, Esquire
Garvey, Smith, Nehrbass & Doody, LLC
Three Lakeway Center, Ste. 3290
3838 North Causeway Blvd.
Metairie, LA 70002

Christopher J. Kellner, Esquire
William H. Brewster, Esquire
Anne G. D'Agostino, Esquire
Kilpatrick Stockton, LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4530